Galen H. Satterlee (State Bar No. 025220)
C.J. Gibbs (State Bar No. 028810)
Scott Reynolds (State Bar No. 013652)
SATTERLEE GIBBS PLLC
3133 W. Frye Road, Suite 101
Chandler, Arizona 85226
Telephone: 480-702-1211
Fax: 480-546-3218
E-mail: galen@sgazlaw.com
        cj@sgazlaw.com
        scott@sgazlaw.com
        minuteentries@sgazlaw.com

Attorneys for Defendants Rural/Metro Fire Dept., Inc.,
Grant Reed and Brittany Reed

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Steven Cutler, individually and as Administrator of the Estate of David A. Cutler, deceased, on behalf of himself and on behalf of all beneficiaries of the Estate of David A. Cutler, deceased, and Renee Luddington Cutler,<br><br>Plaintiffs,<br><br>vs.<br><br>Mark D. Napier, Sheriff of Pima County, Arizona, in his official capacity; Rural/Metro Fire Dept., Inc., an Arizona for profit corporation, Keith Barnes and Jane Doe Barnes, his spouse, Grand Reed and Brittany Reed,<br><br>Defendants. | No. 18-CV-00383-TUC-FRZ<br><br>**DEFENDANTS RURAL/METRO FIRE DEPT., INC., GRANT REED AND BRITTANY REED'S MOTION FOR SUMMARY JUDGMENT RE: NEGLIGENCE CLAIM – DR. THORNTON EXPERT TESTIMONY PRECLUSION**<br><br>**(Oral Argument Requested)**<br><br>**(Assigned to the Honorable Frank R. Zapata)** |

1

## I.   INTRODUCTION

Defendants, Rural/Metro First Dept., Inc., Grant and Brittany Reed (collectively "RM"), pursuant to Rule 56, F.R.C.P., move to disqualify Plaintiff's toxicology expert, Dr. Stephen Thornton from testifying as to any standard of care opinions regarding Defendant (Certified Paramedic) Grant Reed.  Dr. Thornton is not competent under Rule 601, Fed.R.Evid. and does meet the criteria established by A.R.S. § 12-2604(A)(1) and (2) as it relates to any paramedic standard of care opinions.  Accordingly, Plaintiff cannot satisfy his burden on this element of his claim required under A.R.S. § 12-563 and RM is entitled to summary judgment in its favor.

Dr. Thornton has never been certified as an EMCT-Paramedic, does not actively practice as an EMCT-Paramedic, and does not teach EMCT-Paramedic students.  As such, this Court should disqualify Dr. Thornton as it relates to any EMCT-Paramedic standard of care opinions.  *See* A.R.S. § 12-2604.  As such, this Court should preclude Dr. Thornton as the Plaintiff's paramedic expert and grant summary judgment in favor of RM.

## II.   FACTUAL BACKGROUND

### A.   Plaintiff's Toxicologist Standard of Care Expert – Thornton.

Plaintiff has disclosed Dr. Thornton as an expert that will opine on the applicable paramedic standard of care as to Defendant Grant Reed.  RM Statement of Facts ¶ 1 (hereinafter "RM SOF ¶ ___.").  Dr. Thornton is a full-fledged medical doctor that works at a University hospital in Kansas. RM SOF ¶ 2. He completed undergraduate, medical school, completed his residency and is currently licensed as a medical doctor with a subspecialty in toxicology.  RM SOF ¶ 3.  Dr. Thornton is not certified as an EMCT-Paramedic, has no experience in the paramedic field, does not actively practice as an EMCT-Paramedic, and does not instruct paramedic students.  As testified to by Dr. Thornton:

Q. Were you ever an emergency medical technician, an EMT?

**A. No.**

Q. Do you have any certifications as an EMT?

**A. No.**

Q. All right. Were you ever -- did you ever work as a paramedic?

**A. I rode on the ambulance as a resident, so technically we could do the same things paramedics do, but I've never been trained as a paramedic, if that's your question.**

Q. And you're not certified as a paramedic, correct?

**A. I've never sat for any certification for being a paramedic.**

Q. When you said you rode in the ambulance as a resident, when would that have been?

**A. That would have been -- would have been between 2001 and 2005. We have a month of emergency medicine -- or EMS because I did the EMS month. And as part of that, there's several ride-alongs that you go on with the ambulances.**

Q. Other than those rides, have you ever been out on a ride with EMS or a paramedic in an ambulance setting?

**A. As a medical student, I worked at the Philmont Boy Scout Ranch, which is kind of a wilderness medicine setting, and we were basically part of the first responders for that -- that camp. I remember as a medical student running up a mountain with a backpack with oxygen for a gentleman that was having a heart attack on the top of a mountain that got evacuated by a helicopter. It's something I remember very vividly. So in that sense, I was a medical student but I was performing the duties of a prehospital provider.**

Q. Okay. And when would that have occurred?

3

**A. That would have been 2 -- the summer of 2000.**

Q. Other than that, any other experience out in the field with EMS services, meaning like in an ambulance, paramedic or EMT?

**A. Not that I can recall.**

RM SOF ¶ 4.   Deposition of Stephen Thornton, M.D., p. 81, ln. 15 – p. 83, ln. 9.

Q. Okay. Then I notice here, it says also that you're an associate professor and core faculty member for University of Kansas Emergency Medicine Residency, correct?
**A. That is correct.**

Q. All right. Is that for medical students?

**A. Actually, it's for medical residents, so they've already finished medical cool [sic]. This is a postgraduate training.**

Q. Oh, that's another residency?

**A. It is a residency, yes. It's an emergency medicine residency at the University of Kansas Hospital.**

RM SOF ¶ 4.   Deposition of Stephen Thornton, M.D., p. 86, lns. 5-18.

### III.    LEGAL ANALYSIS

A.    <u>**Plaintiff's Toxicology Expert, Dr. Thornton, Does Not Meet the Requirements Under A.R.S. § 12-2604 to Render Standard of Care Opinions Against Defendant Grant Reed Because He Is Not Certified As an EMCT – Paramedic, Does Not Actively Practice as an EMCT-Paramedic and Does Not Instruct Paramedic Students.**</u>

A plaintiff must establish medical malpractice by proving that "[t]he health care provider failed to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which he belongs within the state acting in the same or similar circumstances. . . ."  A.R.S. § 12-563 "In medical

4

malpractice cases, plaintiffs must show that a health care provider breached the appropriate standard of care and the breach resulted in injury." *Baker v. University Physicians Healthcare,* 231 Ariz. 379, 384, ¶ 12, 296 P.3d 42 (2013).  Accordingly, Plaintiff in this case must establish that Defendant Reed failed to meet the standard of care.

"Contrary to Plaintiff's arguments that Rule 702 controls the admission of expert opinion testimony in federal courts, Rule 601 [Fed.R.Evid.] mandates that federal courts apply state witness competency rules in both FTCA and diversity actions."  *Mann v. United States,* 2012 WL 273690 (D. Ariz. 2012) *10.  *McDowell v. Brown,* 392 F.3d 1283, 1294-97 (11th Cir. 2004)("The analysis we engage in then, is first whether the expert is qualified to render an opinion regarding the standard of care (the competency component), and second, whether the expert's causation theory meets the strictures of Rule 702").   Competency requires that an expert must meet the criteria of A.R.S. § 12-2604.  *See Wright v. United States,* 2008 WL 820557 (D. Ariz. 2008)(applying A.R.S. § 12-2604 to malpractice action pursuant to Rule 601 Fed.R.Evid.)  Indeed, the Arizona Supreme Court has determined that A.R.S. §12-2604 is substantive in nature and not procedural.  *Seisinger v. Siebel,* 220 Ariz. 85, 203 P.3d 483 (2009)("We therefore conclude that insofar as § 12-2604(A) specifies the kind of expert testimony to establish medical malpractice, it is substantive in nature and does not offend the separation of powers doctrine.");  *See also, Mann v. United States, supra* at *10 ("The Court agrees with the court in *Wright*, which did not have the benefit in March 2008 of the Arizona Supreme Court's discussion in *Seisinger* one year later, that A.R.S. § 12-563, including A.R.S. § 12-2604(A), are Arizona's 'plainly substantive' laws regarding medical negligence actions.")

Under Arizona law, medical malpractice experts, testifying as to the standard of care must be certified or actively engaged in the same health discipline.

**A.** In an action alleging medical malpractice, **a person shall not give expert testimony on the appropriate standard of practice or care unless the person is licensed as a health professional in this state or another state and the person meets the following criteria:**

1. **If the party against whom or on whose behalf the testimony is offered is or claims to be a specialist, specializes at the time of the occurrence that is the basis for the action in the same specialty or claimed specialty** as the party against whom or on whose behalf the testimony is offered.  If the party against whom or on whose behalf the testimony is offered is or claims to be a specialist who is board certified, the expert witness shall be a specialist who is board certified in that specialty or claimed specialty.

2. During the year immediately preceding the occurrence giving rise to the lawsuit, **devoted a majority of the person's professional time** to either or both of the following:

(a) **The active clinical practice of the same health profession** as the defendant and, if the defendant is or claims to be a specialist, in the same specialty or claimed specialty.

(b) **The instruction of students in an accredited health professional school or accredited residency or clinical research program in the same health profession as the defendant** and, if the defendant is or claims to be a specialist, in an accredited health professional school or accredited residency or clinical research program in the same specialty or claimed specialty.

A.R.S. § 12-2604(A)(1)(2)(emphasis supplied)

Defendant Grant Reed is a certified EMCT – Paramedic. RM SOF ¶ 5. Such certification is provided by the Arizona Department of Health Services, Bureau of Emergency Medical Services & Trauma Services pursuant to Arizona Administrative Code R9-25-101 *et. seq.*  Thus, pursuant to A.R.S. § 12-2604(A)(2), any expert testifying against Defendant Grant Reed must actively practice as a paramedic, or someone who spends the "majority of time" instructing paramedics.  It is undisputed that Dr. Thornton does not meet either of these requirements.  He is neither a paramedic (and admits to

having no training as a paramedic[1]) nor does he teach paramedic students (he teaches resident interns that are not paramedics in a hospital setting).  In addition to all of this, paramedic Reed is certified.  Under A.R.S. § 12-2604(A)(1), because paramedic Reed is certified by the Arizona Department of Health Services as a certified EMCT- Paramedic, any standard of care expert testifying against him must likewise be a certified paramedic.  Dr. Thornton admits that is not certified as a paramedic.

In *St. George v. Plimpton,* 241 Ariz. 163, 384 P.3d 1243 (App. 2016), the Arizona Court of Appeals disqualified an expert on very similar grounds to the case at bar.  St. George brought a medical malpractice claim based on obstetrical and nurse-midwifery services.  St. George claimed that the certified nurse in that case injured plaintiff by negligently apply pubic pressure during the delivery of her baby.  St. George also brought other claims against the supervising doctor and hospital.

St. George disclosed Dr. Watters, a board-certified obstetrician/gynecologist, who would testify that the Nurse fell below the standard of care.  The Nurse moved for summary judgment, arguing that since Dr. Watters was not a Nurse or certified as a Nurse (and never taught student nurses), he was not qualified under A.R.S. § 12-2604(A)(1) or (2) to render expert opinions against the Nurse.  The trial court granted the Nurse's motion agreeing that the board-certified obstetrician/gynecologist could not testify against the Nurse under 12-2604.  On appeal, the Court of Appeals affirmed the ruling of the trial court.

> Nurse Franklin is a licensed registered nurse and a certified nurse midwife.  Thus, pursuant to A.R.S. § 12–2604(A)(2), any expert testifying against her must be a nurse, or someone who spends the "majority" of his time

---

[1] Dr. Thornton claims that he participated in some ride-alongs in an ambulance as a medical resident, however, those ride-alongs took place began in 2001 and ended in 2005.  The incident took place in this matter on June 5, 2017, well after the one-year requirement under 12-2604.

instructing nurses. *Cornerstone*, 231 Ariz. at 79, ¶ 41, 290 P.3d 460 (stating that where the defendant health care provider in a case involving allegations of medical negligence is a registered nurse, nursing is the health profession for purposes of A.R.S. § 12–2604(A)(2)); *Rasor v. Northwest Hosp., LLC*, 239 Ariz. 546, 567, ¶ 11, 373 P.3d 563 (App. 2016) (holding that nursing qualifies as a "health profession" for the purposes of A.R.S. § 12–2604(A)(2)). Moreover, under § A.R.S. § 12–2604(A)(1), because Nurse Franklin is certified by the ASBN as a certified nurse midwife, any standard of care expert testifying against her must likewise be a certified nurse midwife.

241 Ariz. at 167-68; 384 P.3d at 1247-48.

Similar to this case, Defendant Grant Reed is a certified EMCT-Paramedic. Consequently, under 12-2604(A)(2), Plaintiff's expert on standard of care (Dr. Thornton) must either be, for the year preceding the incident, actively practicing as a paramedic or spend the majority of his professional time teaching paramedic students. Just as in the *St. George* case, neither requirement can be met here. As an alternative basis, under 12-2604(A)(1), Dr. Thornton is not certified as an EMCT-Paramedic and fails under this requirement as well.

Because Dr. Thornton's testimony on the standard of care and breach thereof is inadmissible, Plaintiff has no witness to establish RM breached the standard of care. Accordingly, no reasonable jury could find in Plaintiff's favor on the medical malpractice claim. RM is entitled to summary judgment in its favor on that claim.

## IV. CONCLUSION

A.R.S. § 12-2604(A)(1) and (2) place certain requirements on testifying experts. Although Dr. Thornton claims he will testify as to the standard of care concerning certified paramedic Grant Reed, Dr. Thornton fails every requirement necessary under the governing statute. Because Dr. Thornton cannot offer standard of care opinions due to the fact that he is not qualified, Plaintiff cannot establish the requisite standard of care necessary for a claim of medical negligence under A.R.S. 12-563.

Defendants RM respectfully request that the Court issue an Order granting summary judgment in their favor.

RESPECTFULLY SUBMITTED this 3rd day of September, 2020.

SATTERLEE GIBBS PLLC


By: /s/ Scott Reynolds
    Galen H. Satterlee
    C.J. Gibbs
    Scott Reynolds
    3133 W. Frye Road, Suite 101
    Chandler, Arizona 85226
    Attorneys for Defendants Rural/Metro Fire
    Dept., Inc., Grant Reed and Brittany Reed

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that on September 3, 2020, I electronically transmitted the attached

3   document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4   Notice of Electronic Filing to the following CM/ECF registrants:

5
    Scott H. Zwillinger
6   WITTHOFT DERKSEN, P.C.
    3550 North Central Avenue, Suite 1006
7   Phoenix, Arizona 85012

8
    Shaun T. Kuter
9   Paul J. Vaporean
    Goldman & Zwillinger PLLC
10  17851 N. 85th Street, Suite 175
    Scottsdale, Arizona 85255
11  Attorneys for Plaintiff

12
    Daryl Audilett
13  Audilett Law PC
    335 North Wilmot Road, Suite 500
14  Tucson, Arizona 85711-2636
    Attorney for Defendants Sheriff Napier and Keith Barnes
15

16
    By:  /s/ Kirsten Sylvia
17

18

19

20

21

22

23

24

25

26