Galen H. Satterlee (State Bar No. 025220)
C.J. Gibbs (State Bar No. 028810)
Scott Reynolds (State Bar No. 013652)
SATTERLEE GIBBS PLLC
3133 W. Frye Road, Suite 101
Chandler, Arizona 85226
Telephone: 480-702-1211
Fax: 480-546-3218
E-mail: galen@sgazlaw.com
cj@sgazlaw.com
scott@sgazlaw.com
minuteentries@sgazlaw.com

Attorneys for Defendants Rural/Metro Fire Dept., Inc.,
Grant Reed and Brittany Reed

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert Steven Cutler, individually and as Administrator of the Estate of David A. Cutler, deceased, on behalf of himself and on behalf of all beneficiaries of the Estate of David A. Cutler, deceased, and Renee Luddington Cutler,<br><br>Plaintiffs,<br><br>vs.<br><br>Mark D. Napier, Sheriff of Pima County, Arizona, in his official capacity; Rural/Metro Fire Dept., Inc., an Arizona for profit corporation, Keith Barnes and Jane Doe Barnes, his spouse, Grand Reed and Brittany Reed,<br><br>Defendants. | No. 18-CV-00383-TUC-FRZ<br><br>**DEFENDANTS RURAL/METRO FIRE DEPT., INC., GRANT REED AND BRITTANY REED'S MOTION FOR SUMMARY JUDGMENT RE: NEGLIGENCE CLAIM – HARO EXPERT TESTIMONY PRECLUSION**<br><br>**(Oral Argument Requested)**<br><br>**(Assigned to the Honorable Frank R. Zapata)** |

## I. INTRODUCTION

Defendants, Rural/Metro First Dept., Inc., Grant and Brittany Reed (collectively "RM"), pursuant to Rule 56, F.R.C.P., move to disqualify Plaintiff's paramedic expert, Guillermo "Willie" Haro. Mr. Haro is not competent under Rule 601, Fed.R.Evid. and does not meet the criteria established by A.R.S. § 12-2604(A)(2) to testify as an expert on the standard of care. Accordingly, Plaintiff cannot satisfy his burden on this required element pursuant to A.R.S. § 12-563 and RM is entitled to summary judgment.

Mr. Haro has not been in the in the "field" as a paramedic for 14+ years and did not instruct paramedic students for a majority of his professional time in the year preceding this underlying incident as is required by Arizona law to opine on standard of care. *See* A.R.S. § 12-2604. The undisputed facts establish Mr. Haro, a retiree of over 14 years, was merely dabbling in his role as an alleged student instructor. The statute for expert qualification requires much more. As such, this Court should preclude Mr. Haro as the Plaintiff's paramedic expert and grant summary judgment in favor of RM.

## II. FACTUAL BACKGROUND

### A. <u>Plaintiff's Paramedic Standard of Care Expert – Haro.</u>

Plaintiff has disclosed Mr. Guillermo Haro[1] as a paramedic standard of care expert. RM Statement of Facts ¶ 1 (hereinafter "RM SOF ¶ ___.") Mr. Haro retired as a paramedic from the Glendale Fire Department in September of 2006. RM SOF ¶ 2. Accordingly, it is undisputed that at least 14 years have elapsed since Mr. Haro last worked as a paramedic.

In Mr. Haro's Supplemental Expert Report dated November 15, 2019, Mr. Haro states the following:

---

[1] Plaintiff previously identified another paramedic expert who has been withdrawn.

> The majority of my professional time since 2002 has been devoted to training and instructing paramedic students in the paramedic training program through Maricopa County Community College District. The paramedic training programs through Maricopa County Community Colleges are accredited paramedic training programs.

RM SOF ¶ 1

Analysis of the undisputed facts, however, paint a very different picture. During the year preceding the incident in question, Mr. Haro was a part-time employee for Paradise Valley Community College where he taught on average 6.15 hours per week. RM SOF ¶ 3. His annual income from teaching for the period 06/05/16 through 06/05/17 was $8,442.90 (295 hours @ the hourly rate of $28.62). RM SOF ¶ 4. Mr. Haro taught students 12% of the time. Mr. Haro was the lead instructor for a course in pathophysiology that he taught once per year for a period of 3 eight-hour days. RM SOF ¶ 5. Mr. Haro is identified by PVCC as a temporary worker and since 2004 has held the titles of EMT Temp and Paramedic Class Lab Tutor. RM SOF ¶ 6. Mr. Haro has not published any scholarly articles or books. RM SOF ¶ 7.

In addition, Mr. Haro admits that during the year preceding the incident in this case, he was also working with the EPIC Traumatic Brain Injury Project through the University of Arizona. RM SOF ¶ 8. This project did not involve teaching students but was a training course for fire departments and emergency room departments throughout the State of Arizona. RM SOF ¶ 9. In 2018, Mr. Haro admits that his income for work on the EPIC project was $8,800. RM SOF ¶ 10.

## III. LEGAL ANALYSIS

### A. **Plaintiff's Expert, Haro, Does Not Meet the Requirements Under A.R.S. § 12-2604 Because He Did Not Teach Students for a Majority of Time.**

A plaintiff must establish medical malpractice by proving that "[t]he health care provider failed to exercise that degree of care, skill and learning expected of a reasonable,

prudent health care provider in the profession or class to which he belongs within the state acting in the same or similar circumstances. . . ." A.R.S. § 12-563 "In medical malpractice cases, plaintiffs must show that a health care provider breached the appropriate standard of care and the breach resulted in injury." *Baker v. University Physicians Healthcare,* 231 Ariz. 379, 384, ¶ 12, 296 P.3d 42 (2013). Accordingly, Plaintiff in this case must establish that Defendant Reed failed to meet the standard of care.

"Contrary to Plaintiff's arguments that Rule 702 controls the admission of expert opinion testimony in federal courts, Rule 601 [Fed.R.Evid.] mandates that federal courts apply state witness competency rules in both FTCA and diversity actions." *Mann v. United States,* 2012 WL 273690 (D. Ariz. 2012) *10. *McDowell v. Brown,* 392 F.3d 1283, 1294-97 (11th Cir. 2004)("The analysis we engage in then, is first whether the expert is qualified to render an opinion regarding the standard of care (the competency component), and second, whether the expert's causation theory meets the strictures of Rule 702"). Competency requires that an expert must meet the criteria of A.R.S. § 12-2604. *See Wright v. United States,* 2008 WL 820557 (D. Ariz. 2008)(applying A.R.S. § 12-2604 to malpractice action pursuant to Rule 601 Fed.R.Evid.) Indeed, the Arizona Supreme Court has determined that A.R.S. §12-2604 is substantive in nature and not procedural. *Seisinger v. Siebel,* 220 Ariz. 85, 203 P.3d 483 (2009)("We therefore conclude that insofar as § 12-2604(A) specifies the kind of expert testimony to establish medical malpractice, it is substantive in nature and does not offend the separation of powers doctrine."); *See also, Mann v. United States, supra* at *10 ("The Court agrees with the court in *Wright*, which did not have the benefit in March 2008 of the Arizona Supreme Court's discussion in *Seisinger* one year later, that A.R.S. § 12-563, including A.R.S. § 12-2604(A), are Arizona's 'plainly substantive' laws regarding medical negligence actions.")

Under Arizona law, medical malpractice experts, testifying as to the standard of care must devote a majority of their professional time to either the active clinical practice of the same health profession as the defendant or the instruction of students at an accredited school.

> **A.** In an action alleging medical malpractice, a person shall not give expert testimony on the appropriate standard of practice or care unless the person is licensed as a health professional in this state or another state and the person meets the following criteria:
>
> 2. During the year immediately preceding the occurrence giving rise to the lawsuit, **devoted a majority of the person's professional time to either** or both of the following:
>
> (a) **The active clinical practice** of the same health profession as the defendant and, if the defendant is or claims to be a specialist, in the same specialty or claimed specialty.
>
> (b) **The instruction of students** in an accredited health professional school or accredited residency or clinical research program in the same health profession as the defendant and, if the defendant is or claims to be a specialist, in an accredited health professional school or accredited residency or clinical research program in the same specialty or claimed specialty.

A.R.S. § 12-2604(A)(2)(emphasis supplied)

It is undisputed that Mr. Haro is not actively practicing as a paramedic. He retired from the active practice of being a paramedic 14 years ago in 2006 and does not otherwise actively practice.

Turning to the instruction of students at Paradise Valley Community College, Mr. Haro is not a lead instructor except for in one course which is only taught once per year for three days total and he has not published any articles or books. He is identified by PVCC as a temporary EMT Instructor and a lab tutor.

Most importantly, the law requires that Mr. Haro devote a majority of his professional time to the instruction of students. In *Zappia v. Sodhi,* 2020 WL 1026504 (Memorandum Opinion)(Ariz. Ct. App. March 3, 2020), the Arizona Court of Appeals,

interpreting A.R.S. § 12-2604(A)(2), determined that "[w]orking in the qualifying profession **for only one day per work week does not constitute a majority of Marozzi's professional time**." *Id* at *2, ¶11 (emphasis supplied)[2]. In addition, the ICU nurse was a case worker for CIGNA and a babysitter. In that case, the ICU nurse expert was disqualified for failure to meet this qualification.

Similarly, Mr. Haro did not devote the majority of his professional time to teaching students. In the year preceding the incident (which is the time frame required by statute), Mr. Haro averaged 6.15 hours per week, or <u>less than one-day</u> per work week and he worked at the EPIC project. Under *Zappia,* working less than one day per work week teaching the required material does not constitute a majority of time. Moreover, he averaged only 24.6 hours per month which is far below the 80 hours per month required to reach a "majority" of time for the month. Indeed, over the 12-month period, there is not one month where Mr. Haro met the majority of time requirement. Out of the preceding year (excluding holidays), Mr. Haro taught students 12% of the time. So for 88% of his time, Mr. Haro did not teach students. The charts below reflect how little Mr. Haro actually instructed students out of the year.

///

///

///

---

[2] Pursuant to Arizona Supreme Court Rule 111(c)(1)(C), a memorandum decision may be cited for persuasive value since it was issued after 2015, no opinion has adequately addressed the issue, and the opinion has not been depublished.





This is hardly the devotion of a "majority" of Mr. Haro's professional time towards teaching students that is required under the statute and as required under *Zappia, supra*. The Arizona statute's "majority of time" requirement was enacted to prevent the very situation we have in this case: a proposed expert that merely dabbles in the requisite profession is not sufficiently engaged to pass muster as a qualified expert. By any

reasonable analysis, it cannot be concluded that Mr. Haro reaches the threshold majority of time requirement – it's not even close. Mr. Haro lacks the qualifications under A.R.S. 12-2604(A)(2) and should be precluded as an expert in this case.

Because Mr. Haro's testimony on the standard of care and breach thereof is not admissible, Plaintiff has no witness to establish RM breached the standard of care. Accordingly, no reasonable jury could find in Plaintiff's favor on the medical malpractice claim. RM is entitled to summary judgment in its favor on that claim.

## IV. CONCLUSION

The law requires a certain level of competency before a person can offer expert opinions as a standard of care expert in a matter alleging malpractice. That competency is measured by A.R.S. 12-2604(A)(2). That statute does not recognize experts who do not meet the "majority of time" requirement.

RM respectfully submits that Mr. Haro does not meet the qualification requirements. In a nutshell, he is a long-retired paramedic who occasionally assists with community college courses. He has neither published nor written any periodicals or books and is simply too far removed from the paramedic profession to be rendering expert opinions in this case as is required by law. Because Mr. Haro cannot offer standard of care opinions due to the fact that he is not qualified, Plaintiff cannot establish the requisite standard of care necessary for a claim of medical negligence under A.R.S. § 12-563.

Accordingly, RM respectfully requests that the Court issue an Order granting summary judgment in their favor.

///

///

///

RESPECTFULLY SUBMITTED this 3rd day of September, 2020.

                SATTERLEE GIBBS PLLC

By: /s/ Scott Reynolds
    Galen H. Satterlee
    C.J. Gibbs
    Scott Reynolds
    3133 W. Frye Road, Suite 101
    Chandler, Arizona 85226
    Attorneys for Defendants Rural/Metro Fire
    Dept., Inc., Grant Reed and Brittany Reed

# CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Scott H. Zwillinger
WITTHOFT DERKSEN, P.C.
3550 North Central Avenue, Suite 1006
Phoenix, Arizona 85012

Shaun T. Kuter
Paul J. Vaporean
Goldman & Zwillinger PLLC
17851 N. 85th Street, Suite 175
Scottsdale, Arizona 85255
Attorneys for Plaintiff

Daryl Audilett
Audilett Law PC
335 North Wilmot Road, Suite 500
Tucson, Arizona 85711-2636
Attorney for Defendants Sheriff Napier and Keith Barnes

By: /s/ Kirsten Sylvia