Galen H. Satterlee (State Bar No. 025220)
C.J. Gibbs (State Bar No. 028810)
Scott Reynolds (State Bar No. 013652)
SATTERLEE GIBBS PLLC
3133 W. Frye Road, Suite 101
Chandler, Arizona 85226
Telephone: 480-702-1211
Fax: 480-546-3218
E-mail: galen@sgazlaw.com
cj@sgazlaw.com
scott@sgazlaw.com
minuteentries@sgazlaw.com

Attorneys for Defendants Rural/Metro Fire Dept., Inc.,
Grant Reed and Brittany Reed

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Steven Cutler, individually and as Administrator of the Estate of David A. Cutler, deceased, on behalf of himself and on behalf of all beneficiaries of the Estate of David A. Cutler, deceased, and Renee Luddington Cutler,<br><br>Plaintiffs,<br><br>vs.<br><br>Mark D. Napier, Sheriff of Pima County, Arizona, in his official capacity; Rural/Metro Fire Dept., Inc., an Arizona for profit corporation, Keith Barnes and Jane Doe Barnes, his spouse, Grand Reed and Brittany Reed,<br><br>Defendants. | No. 18-CV-00383-TUC-FRZ<br><br>**DEFENDANTS RURAL/METRO FIRE DEPT., INC., GRANT REED AND BRITTANY REED'S MOTION FOR SUMMARY JUDGMENT RE: NEGLIGENCE CLAIM – TAYLOR EXPERT TESTIMONY PRECLUSION**<br><br>**(Oral Argument Requested)**<br><br>**(Assigned to the Honorable Frank R. Zapata)** |

1

## I. INTRODUCTION

Defendants, Rural/Metro First Dept., Inc., Grant and Brittany Reed (collectively "RM"), pursuant to Rule 56, F.R.C.P., move to disqualify Plaintiff's police procedures expert, Roy Taylor from testifying as to any standard of care opinions as it relates to Defendant (Certified Paramedic) Grant Reed. Roy Taylor is not competent under Rule 601, Fed.R.Evid. and does meet the criteria established by A.R.S. § 12-2604(A)(1) and (2) as it relates to any paramedic standard of care opinions. Accordingly, Plaintiff cannot satisfy his burden on this element of his claim required under A.R.S. § 12-563 and RM is entitled to summary judgment in its favor.

Roy Taylor has never been certified as an EMCT-Paramedic, does not actively practice as an EMCT-Paramedic, and does not teach EMCT-Paramedic students. As such, this Court should disqualify Mr. Taylor as it relates to any EMCT-Paramedic standard of care opinions and grant summary judgment in favor of RM.

## II. FACTUAL BACKGROUND

### A. Plaintiff's Police Procedures Standard of Care Expert – Taylor.

Plaintiff has disclosed Roy Taylor who intends on providing some expert testimony on Defendant Grant Reed's paramedic standard of care. Roy Taylor was employed by Plaintiff as a police procedures expert. DSOF ¶ 1. Although he worked as an EMT (not as a certified paramedic), that employment ended in 2010, several years before the incident in this case. DSOF ¶ 2. Roy Taylor is not certified as an EMCT-Paramedic, has no experience as a paramedic since 2010, does not actively practice as an EMCT-Paramedic, and does not instruct paramedic students. DSOF ¶ 3.

With respect to Roy Taylor's experience as an EMT, he admits that his employment as an EMT ended in 2010.

> In addition, I was a certified Emergency Medical Technician from 1980 until 2010 and worked as a full-time fire fighter/EMT-I assigned to the rescue squad from 1984 to 1986 as well as a number of part-time and volunteer positions from 1980 to 1986.

DSOF ¶ 4.

Mr. Taylor also admits that he has never been licensed or certified as a paramedic and never been qualified as an expert to testify as to a paramedic's standard of care.

> Q. I saw that you had some medical training, but you've never been licensed as a paramedic; is that right?
>
> **A. Correct. EMT intermediate, step below paramedic. We could start IVs and intubate, but we just weren't allowed to push drugs.**
>
> Q. And I take it, since you've never been a
> I take it, since you've never been a licensed paramedic, that you have never been qualified as an expert with respect to the paramedic standard of care?
>
> **A. Correct.**

DSOF ¶ 5. Deposition of Roy Taylor, p. 117, lns. 13-21.

### III. LEGAL ANALYSIS

**A. <u>Plaintiff's Police Procedures Expert, Roy Taylor, Does Not Meet the Requirements Under A.R.S. § 12-2604 to Render Standard of Care Opinions Against Defendant Grant Reed Because He Is Not Certified As an EMCT – Paramedic, Does Not Actively Practice as an EMCT-Paramedic and Does Not Instruct Paramedic Students.</u>**

A plaintiff must establish medical malpractice by proving that "[t]he health care provider failed to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which he belongs within the state acting in the same or similar circumstances. . . ." A.R.S. § 12-563 "In medical malpractice cases, plaintiffs must show that a health care provider breached the appropriate standard of care and the breach resulted in injury." *Baker v. University Physicians Healthcare,* 231

Ariz. 379, 384, ¶ 12, 296 P.3d 42 (2013). Accordingly, Plaintiff in this case must establish that Defendant Reed failed to meet the standard of care.

"Contrary to Plaintiff's arguments that Rule 702 controls the admission of expert opinion testimony in federal courts, Rule 601 [Fed.R.Evid.] mandates that federal courts apply state witness competency rules in both FTCA and diversity actions." *Mann v. United States,* 2012 WL 273690 (D. Ariz. 2012) *10. *McDowell v. Brown,* 392 F.3d 1283, 1294-97 (11th Cir. 2004)("The analysis we engage in then, is first whether the expert is qualified to render an opinion regarding the standard of care (the competency component), and second, whether the expert's causation theory meets the strictures of Rule 702"). Competency requires that an expert must meet the criteria of A.R.S. § 12-2604. *See Wright v. United States,* 2008 WL 820557 (D. Ariz. 2008)(applying A.R.S. § 12-2604 to malpractice action pursuant to Rule 601 Fed.R.Evid.) Indeed, the Arizona Supreme Court has determined that A.R.S. §12-2604 is substantive in nature and not procedural. *Seisinger v. Siebel,* 220 Ariz. 85, 203 P.3d 483 (2009)("We therefore conclude that insofar as § 12-2604(A) specifies the kind of expert testimony to establish medical malpractice, it is substantive in nature and does not offend the separation of powers doctrine."); *See also, Mann v. United States, supra* at *10 ("The Court agrees with the court in *Wright*, which did not have the benefit in March 2008 of the Arizona Supreme Court's discussion in *Seisinger* one year later, that A.R.S. § 12-563, including A.R.S. § 12-2604(A), are Arizona's 'plainly substantive' laws regarding medical negligence actions.")

Under Arizona law, medical malpractice experts, testifying as to the standard of care must be certified or actively engaged in the same health discipline.

> **A.** In an action alleging medical malpractice, **a person shall not give expert testimony on the appropriate standard of practice or care unless the person is licensed as a health professional in this state or another state and the person meets the following criteria:**

1. **If the party against whom or on whose behalf the testimony is offered is or claims to be a specialist, specializes at the time of the occurrence that is the basis for the action in the same specialty or claimed specialty** as the party against whom or on whose behalf the testimony is offered. If the party against whom or on whose behalf the testimony is offered is or claims to be a specialist who is board certified, the expert witness shall be a specialist who is board certified in that specialty or claimed specialty.

2. **During the year immediately preceding the occurrence giving rise to the lawsuit**, **devoted a majority of the person's professional time** to either or both of the following:

(a) **The active clinical practice of the same health profession** as the defendant and, if the defendant is or claims to be a specialist, in the same specialty or claimed specialty.

(b) **The instruction of students in an accredited health professional school or accredited residency or clinical research program in the same health profession as the defendant** and, if the defendant is or claims to be a specialist, in an accredited health professional school or accredited residency or clinical research program in the same specialty or claimed specialty.

A.R.S. § 12-2604(A)(1)(2)(emphasis supplied)

Defendant Grant Reed is a certified EMCT – Paramedic. DSOF ¶ 6. Such certification is provided by the Arizona Department of Health Services, Bureau of Emergency Medical Services & Trauma Services pursuant to Arizona Administrative Code R9-25-101 *et. seq.* Thus, pursuant to A.R.S. § 12-2604(A)(2), any expert testifying against Defendant Grant Reed must actively practice as a paramedic[1], or someone who spends the "majority of time" instructing paramedics. It is undisputed that Roy Taylor does not meet either of these requirements. He is neither a paramedic (and admits to having no training as a paramedic) nor does he teach paramedic students. In addition to

---

[1] Although Roy Taylor was an EMT (and not a certified paramedic), that employment ended in 2010. The statute requires that Mr. Taylor must have been actively engaged in the paramedic practice for at least one year prior to the incident. The incident in this case occurred on June 5, 2017.

all of this, paramedic Reed is certified. Under A.R.S. § 12-2604(A)(1), because paramedic Reed is certified by the Arizona Department of Health Services as a certified EMCT-Paramedic, any standard of care expert testifying against him must likewise be a certified paramedic. Roy Taylor admits that is not certified as a paramedic.

In *St. George v. Plimpton,* 241 Ariz. 163, 384 P.3d 1243 App. 2016), the Arizona Court of Appeals disqualified an expert on very similar grounds to the case at bar. St. George brought a medical malpractice claim based on obstetrical and nurse-midwifery services. St. George claimed that the certified nurse in that case injured plaintiff by negligently apply pubic pressure during the delivery of her baby. St. George also brought other claims against the supervising doctor and hospital.

St. George disclosed Dr. Watters, a board-certified obstetrician/gynecologist, who would testify that the Nurse fell below the standard of care. The Nurse moved for summary judgment, arguing that since Dr. Watters was not a Nurse or certified as a Nurse (and never taught student nurses), he was not qualified under A.R.S. § 12-2604(A)(1) or (2) to render expert opinions against the Nurse. The trial court granted the Nurse's motion agreeing that the board-certified obstetrician/gynecologist could not testify against the Nurse under 12-2604. On appeal, the Court of Appeals affirmed the ruling of the trial court.

> Nurse Franklin is a licensed registered nurse and a certified nurse midwife. Thus, pursuant to A.R.S. § 12–2604(A)(2), any expert testifying against her must be a nurse, or someone who spends the "majority" of his time instructing nurses. *Cornerstone*, 231 Ariz. at 79, ¶ 41, 290 P.3d 460 (stating that where the defendant health care provider in a case involving allegations of medical negligence is a registered nurse, nursing is the health profession for purposes of A.R.S. § 12–2604(A)(2)); *Rasor v. Northwest Hosp., LLC*, 239 Ariz. 546, 567, ¶ 11, 373 P.3d 563 (App. 2016) (holding that nursing qualifies as a "health profession" for the purposes of A.R.S. § 12–2604(A)(2)). Moreover, under § A.R.S. § 12–2604(A)(1), because Nurse Franklin is certified by the ASBN as a certified nurse midwife, any standard of care expert testifying against her must likewise be a certified nurse midwife.

6

241 Ariz. at 167-68; 384 P.3d at 1247-48.

Similar to this case, Defendant Grant Reed is a certified EMCT-Paramedic. Consequently, under 12-2604(A)(2), Plaintiff's expert on a paramedic's standard of care must either be, for the year prior to the incident, actively practicing as a paramedic or for a majority of time teaching paramedic students. Just as in the *St. George* case, neither requirement can be met. As an alternative basis, under 12-2604(A)(1), Roy Taylor is not certified as an EMCT-Paramedic and fails under this requirement as well.

Because Mr. Taylor's testimony on the standard of care and breach thereof is not admissible, Plaintiff has no witness to establish RM breached the standard of care. Accordingly, no reasonable jury could find in Plaintiff's favor on the medical malpractice claim. RM is entitled to summary judgment in its favor on that claim.

## IV.  CONCLUSION

A.R.S. § 12-2604(A)(1) and (2) place certain requirements on testifying experts. Although Roy Taylor claims he will testify as to the standard of care concerning certified paramedic Grant Reed, Mr. Taylor fails every requirement necessary under the governing statute. Because Mr. Taylor cannot offer standard of care opinions due to the fact that he is not qualified, Plaintiff cannot establish the requisite standard of care necessary for a claim of medical negligence under A.R.S. § 12-563.

Defendant Grant Reed (and RM) respectfully request that the Court issue an Order granting summary judgment in their favor.

///
///
///

RESPECTFULLY SUBMITTED this 3rd day of September, 2020.

                              SATTERLEE GIBBS PLLC

                              By: /s/ Scott Reynolds
                                 Galen H. Satterlee
                                 C.J. Gibbs
                                 Scott Reynolds
                                 3133 W. Frye Road, Suite 101
                                 Chandler, Arizona 85226
                                 Attorneys for Defendants Rural/Metro Fire Dept., Inc., Grant Reed and Brittany Reed

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Scott H. Zwillinger
WITTHOFT DERKSEN, P.C.
3550 North Central Avenue, Suite 1006
Phoenix, Arizona 85012

Shaun T. Kuter
Paul J. Vaporean
Goldman & Zwillinger PLLC
17851 N. 85th Street, Suite 175
Scottsdale, Arizona 85255
Attorneys for Plaintiff

Daryl Audilett
Audilett Law PC
335 North Wilmot Road, Suite 500
Tucson, Arizona 85711-2636
Attorney for Defendants Sheriff Napier and Keith Barnes

By: /s/ Kirsten Sylvia