WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Steven Cutler, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>County of Pima, et al.,<br><br>　　　　　Defendants. | No. CV-18-00383-TUC-JCH<br><br>**ORDER** |

Before the Court are Plaintiffs' ("Cutler's") Objections to Proposed Juror Questionnaire ("Objection") (Doc. 192) and Defendants' ("Rural/Metro's") Response to Plaintiffs' Objections to Proposed Juror Questionnaire ("Response") (Doc. 193). For the following reasons, both Cutler's Objection and Rural/Metro's Response are overruled. Attached to this Order is the final screening questionnaire the Jury Office will send to prospective jurors.

On February 1, 2022, the Court issued its Order describing the proposed screening questionnaire the Jury Office will send before jury selection ("Order"). (Doc. 191.) The primary reason for using a screening questionnaire was to help limit the number of jurors entering the courthouse given lingering concerns about COVID-19. *Id.* The Order directed the parties to stipulate to a statement of the case, propose additional questions, or make specific objections as necessary. *Id.* Cutler filed their Objection proposing to rewrite the statement of the case, add a question, and modify several questions. (Doc. 192 at 1–2.)

1

Rural/Metro then filed their Response objecting to Cutler's rewritten statement of the case and additional question, and proposing revisions to Cutler's modified questions. (Doc. 193 at 1–2.)

Since the Court issued the Order, the COVID-19 pandemic entered a different phase. Also, the Court has since used similar jury questionnaires in other trials, and that experience informs its decision here. The Court will eliminate several questions from the draft questionnaire and only use questions to which the parties did not object. The Court revised the statement of the case to be more superficial and neutral. The parties may propose any questions that were not included in the jury questionnaire for use at trial during jury selection.

For the reasons stated above,

**IT IS ORDERED OVERRULING** Cutler's Objection.

**IT IS FURTHER ORDERED OVERRULING** Rural/Metro's Response.

**IT IS FURTHER ORDERED DIRECTING** the Jury Office to use the attached form of jury questionnaire to generate a final jury questionnaire for distribution to prospective jurors.

Dated this 21st day of September, 2022.

_____
Honorable John C. Hinderaker
United States District Judge

Pool Sequence Number:

Trial Date: November 29, 2022 (JCH)

## **JUROR QUESTIONNAIRE**

**Introduction:**

      You have been selected as a prospective juror. This questionnaire is intended to make jury selection more efficient, thereby saving your valuable time on the day you return for further jury selection procedures. The answers you give in the questionnaire will help the Court and counsel to determine whether you could or should serve as a juror in this particular trial. There are no right or wrong answers; there are only your own personal, honest and candid answers. To ensure that your answers are accurate and truthful, you are required to give your answers under oath. All information contained in this questionnaire will be kept confidential. The information you provide will be given only to the Judge, attorneys, Clerk's Office and the parties, and will be used solely for the purpose of selecting a jury in this case.

      Between now and when you are asked to return to complete jury selection, please do not discuss this questionnaire, or your answers, with anyone, including family members, friends, lawyers, or other prospective jurors. In addition, do not read any newspaper articles or go on the internet about this case or visit any locations at issue in this case.

      Answer each question as best you can. Take your time. <u>Please **PRINT** your answers clearly with a **pen**</u>.

      If you need extra space to answer a question, you may finish your answer on the blank page provided at the end of the questionnaire.

      Do not assume that the questions show anything about what will be the evidence in this case, or that your answers will determine whether or not you will serve on this jury.

[**If your answer is longer than the space provided, please use the blank page attached. <u>Do not write on the back of the printed pages</u>**.]

**Description of the Case:**

This is a civil wrongful death case. The relevant events occurred in eastern Pima County, Arizona. Plaintiffs contend that Defendant Grant Reed, a paramedic with Defendant Rural/Metro Fire, was grossly negligent and caused the death of David Cutler on June 5, 2017. Plaintiffs claim that Reed failed to properly assess and treat David for heat exhaustion and administered Ketamine when it was not the appropriate medication for David's medical condition, in an inappropriate amount, without the necessary equipment to treat the known complications of Ketamine. Reed and Rural/Metro Fire dispute this and contend that David ingested an hallucinogenic drug known as LSD and engaged in dangerous behavior, which ultimately caused his death.

Trial in this case could last up to three (3) weeks. Prospective Jurors will be required to appear in Court for jury selection on November 29, 2022.  The Court will select a jury on November 29, 2022, at 9:30 AM, and all Prospective Jurors not selected will be excused on November 29, 2022. Selected Jurors will be required to appear in Court for the trial on weekdays between November 29, 2022 and December 16, 2022 unless otherwise excused before that date. Trial will begin on November 29, 2022 immediately after the jury is selected. Generally, evidence will be presented to the jury between 9:00 a.m. and 4:30 p.m., Monday through Friday, with a noon recess and mid-morning and mid-afternoon break.

Service on a jury is one of the highest duties that each citizen owes to his or her country and inconvenience or ordinary financial problems related to jury service will not be enough to excuse a prospective juror. Federal law forbids any employer from discharging or discriminating against an employee because of jury service.

**Trial Schedule:**

1. Would the schedule and length of this trial create an undue hardship for you if you were selected to serve? _____ YES _____NO

If you answered yes, please explain.

_____

_____

_____

_____

**Knowledge of the case:**

2. Have you ever seen, heard, or read anything about this case, or have you heard anyone express an opinion about this case? If yes what have you seen, heard, or read? From what sources?

_____

_____

_____

_____

**Background principles:**

3. Do you because of cultural, moral, religious, or other beliefs feel that you cannot stand in judgment of another person or would you otherwise have difficulty being a juror in a case such as this? If yes, please explain.

_____

_____

_____

_____

**COVID-19:**

4. Do you have any condition or circumstances that cause you to be at an increased risk for COVID-19 infection and or serious illness in the event of infection? If yes, please explain.

_____

_____

_____

_____

5. Do you have any other concerns about COVID-19 that would prevent you from being able to serve on a jury? If yes, please explain.

_____

_____

_____

_____

**DECLARATION**

I attest and affirm, under the penalty of perjury, that the answers set forth above are true and correct to the best of my knowledge.

_____         _____
     Date                              Signature

**If necessary, please continue your answers to any questions on the attached blank page. Please give the number of each question(s) which you are answering. Thank you.**

**Page Intentionally Left Blank for Continuation of Answers:**