Scott H. Zwillinger (019645)
Jennifer Allen (027941)
**ZWILLINGER WULKAN, PLC**
2020 North Central Avenue, Suite 675
Phoenix, Arizona 85004
Tel: (602) 962-0207
Fax: (602) 962-0207
Email:  scott.zwillinger@zwfirm.com
            jennifer.allen@zwfirm.com
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert Steven Cutler, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Chris Nanos, Sheriff Pima County, et al., <br><br> Defendants. | Case No. 18-CV-00383-JCH <br><br> **PLAINTIFFS' MOTION TO MODIFY JOINT PRETRIAL ORDER** |

Plaintiffs move under Fed. R. Civ. P. 16(e) to modify the parties' joint pretrial order (Doc. 188) to confirm that Plaintiffs seek punitive damages in this matter, based on this Court's ruling that Plaintiffs were required to state their intent to seek damages for punitive damages in the pretrial order.

Under Rule 16(e), the Court "may modify the order issued after a final pretrial conference . . . to prevent manifest injustice." It would be manifestly unjust to eliminate Plaintiffs' punitive damages claim here when, as explained in Doc. 240 which is incorporated herein by this reference:

- Plaintiffs' Prayer for Relief sought punitive damages;
- Plaintiffs' Amended Complaint sought punitive damages;
- Defendants knew Plaintiffs were seeking punitive damages and contended in their Answer that Plaintiffs weren't entitled to punitive damages; and
- Courts in this circuit have consistently allowed juries to decide punitive damages

claims if the evidence set forth at trial justifies punitive damages. *See* e.g., *Preayer v. Ryan*, 2017 WL 2351601, *6 (D. Ariz. May 31, 2017) ("Rule 54 instructs courts that every 'final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.'") (quoting Fed. R. Civ. P. 54(c)); *Cancellier v. Federated Dep't Stores*, 672 F.2d 1312, 1319 (9th Cir. 1982) (no specific prayer for punitive damages is needed); *Red Rock Communications, Inc. v. Am. Telecasting, Inc.*, 2006 WL 2432628, *5 (D. Nev. Aug. 21, 2006) ("Under Rule 54(c), Red Rock's failure to seek punitive damages on the remaining claims does not preclude a judgment awarding punitive damages.").

Factors to consider in determining whether to modify an order include "(1) the prejudice or surprise in fact to the opposing party; (2) the ability of the party to cure the prejudice; (3) the extent of disruption of the orderly and efficient trial of the case; and (4) the bad faith or willfulness of the non-compliant party." *Rapco, Inc. v. Comm'r*, 85 F.3d 950, 953 (2d Cir. 1996). "Prejudice to the party seeking amendment or modification of the order is also relevant, as a trial court should not refuse to modify a pre-trial order where manifest injustice will result." *Id.*, citing Rule 16(e). Moreover, "[d]istrict courts should generally allow amendments of pre-trial orders when no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight." *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27–28 (9th Cir. 1980).

Here, there is no prejudice to Defendants in modifying the order since they have known since the outset of this matter that Plaintiffs seek punitive damages, and the law of this circuit is clear that the issue of punitive damages should go to the jury when the evidence supports such a claim. *See e.g. Preaver, etc.*, *supra*. Moreover, there will be no substantial injury to Defendants caused by the modification; including a punitive damages claim will not disrupt the orderly and efficient trial of this case; there is no evidence of bad-faith or willful conduct by Plaintiffs; refusing to allow modification would result in injustice to Plaintiffs, in that it

would eliminate an element of Plaintiffs' damages claim; and there is no inconvenience to the Court in allowing the modification. Accordingly, the Court should allow Plaintiffs to modify the joint pretrial in-order to confirm that Plaintiffs seek punitive damages in this matter.

RESPECTFULLY SUBMITTED this 1st day of November, 2022.

**ZWILLINGER WULKAN, PLC**

By: */s/ Jennifer Allen*
Scott H. Zwillinger
Jennifer Allen
2020 North Central Avenue, Suite 675
Phoenix, Arizona 85004-4584
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2022, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on all counsel of record via the Court's CM/EDF system.

*/s/ Tricia Jochum*